[No. 14285. Department Two. — December 20, 1892.]

T. B. ROBINSON, APPELLANT, v. TEMPLAR LODGE No. 17, I. O. O. F., RESPONDENT.

MUTUAL AID ASSOCIATION — SICK-BENEFITS — SUBMISSION TO ESTABLISHED TRIBUNAL — CONCLUSIVENESS OF DECISION. — The voluntary submission, by a member of a benevolent and mutual aid association, of his claim against the association for "sick-benefits," to a tribunal of the association established for the purpose of settling all matters of difference which might arise between the association and any of its members, growing out of a refusal upon the part of the association to pay benefits claimed, is an implied agreement upon his part to be bound by their judgment and award.

ID. — ARBITRATION — IMPLIED AGREEMENT — CONCLUSIVENESS OF AWARD. — Where a matter is submitted to arbitrators, it is not necessary that there should be any express agreement to abide by the award when made, for the law implies an agreement from the very fact of submission to be bound by their judgment or award, in the absence of any fraud or mistake, or other cause which in equity would entitle him to avoid the same.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellant.

A member of a beneficial society who invokes the remedies of the society without avail may apply to a court of law for redress; and it is not competent for the society to deprive him of that right, as it is against the policy of the law to oust the courts of their jurisdiction. (*Bauer* v. *Samson Lodge*, 102 Ind. 262. See also *Supreme Council* v. *Garrigus*, 104 Ind. 133; 54 Am. Rep. 298; *Robinson* v. *Society*, 67 Cal. 135; *Oliver* v. *Hopkins*, 144 Mass.

176; *Manson* v. *Grand Lodge*, 30 Minn. 509; *Carlen* v. *Drury*, 1 Ves. & B. 157; *Poultney* v. *Bachman*, 31 Hun, 49; *Harrington* v. *Workingmen's Ass'n*, 70 Ga. 342; *Austin* v. *Searing*, 16 N. Y. 123; 69 Am. Dec. 665.)

*James G. Maguire*, and *Davis Louderback*, for Respondent.

Appellant having voluntarily submitted his claim to benefits to arbitration before the tribunals established for that purpose, and he having been adjudged not entitled to the payment of his claim for sick-benefits, he is conclusively bound by that award, in the absence of fraud. (*Fritz* v. *Muck*, 62 How. Pr. 70; *Toram* v. *Howard Ben. Ass'n*, 4 Pa. St. 519; *Van Poucke* v. *Netherland Soc.*, 63 Mich. 378; *Cincinnati Lodge* v. *Littlebury*, 6 Cin. Law Bull. 237; *Mohawk Lodge* v. *Wentworth*, 4 Cin. Law Bull. 513; *Anacosta Tribe* v. *Murbach*, 13 Md. 91; 71 Am. Dec. 625; *Osceola Tribe* v. *Schmidt*, 57 Md. 98; *Woolsey* v. *Independent Order of Odd Fellows*, 61 Iowa, 492; *Com.* v. *Pike Ben. Soc.*, 8 Watts & S. 247; *Hawkshaw* v. *Supreme Lodge K. of H.*, 29 Fed. Rep. 773; *Harrison* v. *Hoyle*, 24 Ohio St. 254; *Black and White Smiths' Soc.* v. *Vandyke*, 2 Whart. 312; *Harrington* v. *Workingmen's Ben. Ass'n*, 70 Ga. 341; *Appeal of Sperry*, 116 Pa. St. 391.)   It is well settled that an award has the same effect as a judgment, and concludes the parties to the controversy effectually from litigating the same matters anew (*Buck* v. *Buck*, 2 Vt. 417; *Jones* v. *Harris*, 58 Miss. 293; *Leonard* v. *Wading River Co.*, 113 Mass. 235; *Evars* v. *Kamphaus*, 59 Pa. St. 379; *Martin* v. *Bevan*, 58 Ind. 282), even when erroneous, if fairly made. (*Morse* v. *Bishop*, 55 Vt. 231; *Sheffield* v. *Clark*, 73 Ga. 92; 1 Am. & Eng. Ency. of Law, 706.)

DE HAVEN, J. — This is an action to recover " sick-benefits." The superior court sustained a demurrer to the complaint, and thereupon rendered judgment in favor of defendant.

The complaint alleges that defendant is a subordinate

lodge of the Independent Order of Odd Fellows of the state of California; that it is an unincorporated association of individuals, organized for the purpose of benevolence and mutual assistance; that in the year 1863 the plaintiff became and ever since has been a member in good standing of said lodge; and that "said defendant made and executed a written contract with plaintiff, whereby, in case plaintiff became sick while he was a member of said lodge, and was thereby rendered incapable of earning a livelihood, he was to receive and become entitled to the sum of ten dollars per week, . . . . . to be paid him by said lodge as and for sick-benefits during such time as he was a member of said lodge in good standing, and continued sick."

The complaint then alleges that upon March 6, 1878, plaintiff became sick, and has since that date continuously, by reason of sickness, been rendered incapable of earning a livelihood, and that defendant has failed to pay to him the said sum of ten dollars per week benefits since July 2, 1879, and on June 20, 1883, "arbitrarily removed plaintiff's name from its sick-list." After thus stating what plaintiff claims to have been the contract between himself and defendant, and its breach, the complaint proceeds to allege that in the government of subordinate lodges of the Independent Order of Odd Fellows " said order has established various tribunals, appellate in character, to review and revise the action of subordinate lodges, including defendant, in failing to pay sick-benefits to members, and provided that all members of defendant lodge should have the right to resort to said tribunal for redress in case of failure of defendant to pay sick-benefits, . . . . and that plaintiff, immediately upon the failure of defendant to pay him sick-benefits, invoked the jurisdiction of said tribunals for the purpose of obtaining relief respecting the failure of defendant to pay sick-benefits," and "litigated his claim to sick-benefits before the tribunals of said order, and as a result thereof, plaintiff was unable to obtain any relief whatever respecting said sick-benefits, and the payments thereof;

that the said tribunals of said order adjudged and determined, on the sixteenth day of June, 1890, that the plaintiff was not entitled to the payment of his said claim for such benefits, or any part thereof."

It is not alleged that the defendant here has any provision in its by-laws to the effect that the benefits which it agrees to pay to its members in case of sickness shall not be payable except upon the favorable report or recommendation of some committee of the order specially authorized by its constitution or by-laws to investigate such claims for benefits; but, on the contrary, it will be noticed that by the terms of the contract between plaintiff and defendant as stated in the complaint, the plaintiff was under no obligation to resort in the first instance to the tribunals established by the laws of the order under which defendant was organized, or even to make any demand upon defendant for the benefits claimed, other than by the commencement of an action therefor in some court of competent jurisdiction. It is, however, alleged in the complaint, as we construe it, that plaintiff did voluntarily submit his claim against defendant to the decision of the tribunals of the order of which he became a member when he joined the defendant lodge, and that such tribunals " adjudged and determined " that he was not entitled to the payment of the benefits now claimed, or to any part thereof. The question therefore is, What effect has this determination upon the right of plaintiff to maintain the action? It does not appear that plaintiff made any express agreement to be bound by the determination of the tribunals referred to, but we think that when he voluntarily submitted to them for decision the differences which existed between himself and defendant, there was an implied agreement upon his part to be bound by their judgment or award, in the absence of any fraud or mistake or other cause which in equity would entitle him to avoid the same. " Where a matter is submitted to arbitrators, it is not necessary that there should be any express agreement to abide by the award when made, for the

law implies such an agreement from the very fact of sub-mission." (*Valentine* v. *Valentine*, 2 Barb. Ch. 430.) It would seem, from the allegations of the complaint, that the tribunals whose jurisdiction plaintiff invoked are established for the purpose of settling all matters of difference which may arise between a subordinate lodge and any of its members, growing out of a refusal upon the part of the lodge to pay benefits claimed, if the member consents to submit such matter to them for settlement; and it seems clear to us that plaintiff's voluntary submission of his claim for benefits to their decision was in the nature of a submission to arbitration, and their decision in the nature of an award, and should be considered equally conclusive. It is not alleged that there was any misconduct upon the part of those to whom he submitted the justice of his claims, or that there was any fraud or mistake in the award itself, or that for any reason the matters in difference between himself and defendant were not fully and fairly tried.

Judgment affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.