[No. 13477.  Department One.  December 12, 1916.]

HENRY F. SUKSDORF, *Appellant,* v. F. W. SUKSDORF,
*Respondent.*[1]

ARBITRATION AND AWARD—AGREEMENT—VALIDITY—STATUTES.  Under Rem. 1915 Code, § 421, providing that an agreement to arbitrate shall be in writing, signed by the parties, and may be by bond in any sum, conditioned to abide the award, an agreement to arbitrate need not contain an express provision to "abide the award"; as that applies only to an arbitration by bond, and is implied.

SAME—COMMON LAW ARBITRATION—STATUTES.  Common law arbitrations are entirely supplanted in this state by Rem. 1915 Code, §§ 420-430.

SAME—REQUISITES—PROCEEDINGS—WAIVER OF OBJECTIONS.  Where both parties moved for judgment upon an arbitration, after a hearing; without objection to the agreement, the court acquired jurisdiction to confirm the award, and it is too late to object that the submission was insufficient in failing to agree to abide the award.

Appeal from an order of the superior court for Spokane county, Blake, J., entered August 11, 1915, vacating a judgment upon an arbitration and award, after a hearing before the court.  Reversed.

*W. C. Jones* and *Geo. W. Belt,* for appellant.

*Davis & Heil,* for respondent.

FULLERTON, J.—On March 23, 1915, Henry F. Suksdorf and F. W. Suksdorf, for the purpose of settling various controversies between them which extended over a number of years, entered into the following written arbitration agreement:

"This Agreement made and entered into between Henry F. Suksdorf, plaintiff herein, and F. W. Suksdorf, defendant herein, Witnesseth:

"That whereas a controversy has arisen and existed between plaintiff and defendant for many years, arising out of an accounting for 8,000 bushels of wheat received by defend-

[1]Reported in 161 Pac. 465.

ant for plaintiff about twenty years ago and out of the right
to purchase certain land near Spokane Bridge and near
Spangle, about 500 acres, which plaintiff claims to have pro-
cured for defendant, and out of a promissory note of defend-
ant for $1,800 to plaintiff, on which plaintiff claims that but
$1,450 and interest has been paid, and it being admitted that
defendant claims various credits for payments made, also
for the value of services rendered plaintiff, and whereas de-
fendant also claims other defenses and whereas said parties
have been unable to agree as to the respective amounts for
which each is entitled to credit and also disagree as to the
validity of several of the claims and counterclaims and
credits aforesaid.

"Now, therefore, The said parties do hereby agree to sub-
mit their differences as aforesaid, and all others since 1884
to the award of Thomas Conlan, W. C. Gray and Henry
Rohwer, mutually selected by them for the purpose of arbi-
tration.

"It is further agreed that the parties hereto waive the
benefit or defense of the statute of limitations."

A majority of the arbitrators found that F. W. Suksdorf
was indebted to H. F. Suksdorf in the sum of $2,500. The
award was filed with the clerk of the superior court of Spo-
kane county and motion made before the court for its con-
firmation. Over the exception of F. W. Suksdorf, the award
was confirmed and judgment rendered in favor of H. F.
Suksdorf for the amount found due by the award. There-
after F. W. Suksdorf filed a motion to vacate the judgment
and order affirming the award, which motion was granted by
the court "for the reason that the agreement to arbitrate
contained no express stipulation that the parties thereto
would abide by or perform the award." From the order va-
cating the judgment on the award, H. F. Suksdorf prose-
cutes this appeal.

The court based its order vacating the confirmation of the
award on the theory that, under Rem. 1915 Code, §§ 420-
430, providing a statutory method for arbitration and award,
it was necessary for the parties to agree to "abide the award,"

in order to give the superior court jurisdiction to enter judgment upon an award without suit thereon. The only support for this position is found in Id., § 421, which provides:

"Said agreement to arbitrate shall be in writing, signed by the parties, and may be by bond in any sum, conditioned that the parties entering into said submission shall abide the award."

To uphold the decision of the superior court it would be necessary to construe the foregoing section to mean that the arbitration agreement should be conditioned in terms that the parties should abide the award. We think the clause "conditioned that the parties entering into said submission shall abide the award," applies solely to an arbitration "by bond" mentioned in the statute, and relates to the conditions of the bond, not to the agreement to arbitrate. Moreover, a specific agreement to abide the award is unnecessary in matters of arbitration if the statute does not expressly require it.

"The law implies an agreement to abide the result of an arbitration from the fact of submission." *Smith v. Morse*, 9 Wall. (U. S.) 76.

See, also, *Kingsley v. Bill*, 9 Mass. 198; *Pierce v. Kirby*, 21 Wis. 126; *Valentine v. Valentine*, 2 Barb. Ch. 430; *Robinson v. Templar Lodge, No. 17, I. O. O. F.*, 97 Cal. 62, 31 Pac. 609. It is true that, in the case of *Zindorf Construction Co. v. Western American Co.*, 27 Wash. 31, 67 Pac. 374, we said:

"Section 5103 [Bal. Code, which is the same as § 421; Rem. 1915 Code] provides that the agreement shall be in writing, signed by the parties, and conditioned that the parties entering into the agreement shall abide the award."

But the question was not an issue in that case and, while appropriate enough to the particular question, was not intended to lay down a general rule.

The respondent further contends that, in the event this court construes § 421 as not imposing the necessity of a re-

cital that the parties will abide the award, the arbitration agreement falls under the common law rather than the statutory regulations for the submission of the controversy, since the agreement nowhere discloses that it is the intent of the parties to follow the statutory procedure.

This contention is based on the assumption that both the common law and statutory method of arbitration and award are existent in this state. But this court has ruled in a recent case that common law arbitrations have been entirely supplanted by our statutory regulations on the subject. See *Dickie Mfg. Co. v. Sound Construction & Engineering Co.*, 92 Wash. 316, 159 Pac. 129. Possibly it might follow from this that, if the submission was insufficient under the statute the entire proceedings would be a nullity; but, as we have indicated, we cannot conclude that this agreement was thus insufficient. According to the trial court's own view, it was deficient only because it did not contain an agreement to abide the award. This, as we say, is not enough on which to base a holding of insufficiency. Moreover, no claim of insufficiency was made when the appellant moved for judgment thereon; in fact, both parties to the agreement treated the matter throughout as a statutory arbitration until after judgment was rendered. Mere defects in the proceedings could not avail after that time. There must have been some such radical departure from the prescribed proceedings as to show want of jurisdiction in the court to render the judgment. There was no such departure here.

The court having properly acquired jurisdiction, its judgment was a final one, which could be vacated only in the manner and on the grounds prescribed by law for the vacation of judgments.

Reversed, with directions to reinstate the judgment.

Morris, C. J., Mount, and Chadwick, JJ., concur.

Ellis, J., concurs in the result.