[No. 32551.    Department One.    May 14, 1954.]

JOHN AUGUSTINE, *Respondent,* v. BOARD OF POLICE PENSION FUND COMMISSIONERS OF ABERDEEN, *Appellant.*[1]

*Lester T. Parker,* for appellant.

*Gladys Phillips,* for respondent.

FINLEY, J.—Chapter 41.20, RCW, establishes a system of police relief and pensions in cities of the first class.  RCW 41.20.120 provides:

[1] Reported in 270 P. (2d) 475.

"Sick benefits. Whenever *any member of the police department,* on account of sickness or disability, suffered or sustained *while a member of the department,* and not caused or brought on by dissipation or abuse, of which the board shall be judge, is confined to *any hospital* or to his home and requires *nursing, care, or attention, the board shall pay the necessary hospital, care, and nursing expenses of such member out of the fund,* and the salary of such member shall continue while he is necessarily confined to such hospital or home and necessarily requires care and nursing on account of such sickness or disability for a period not exceeding six months, after which period the other provisions of this chapter shall apply: *Provided,* That the board in all cases may have the member suffering from such sickness or disability examined at any time by a licensed physician or physicians, to be appointed by the board, for the purpose of ascertaining the nature and extent of the sickness or disability, the physician or physicians to report to the board the result of the examination within three days thereafter. Any member who refuses to submit to such examination or examinations shall forfeit all his rights to benefits under this section." (Italics ours.)

The board of trustees of the fund of the city of Aberdeen, ostensibly pursuant to its authority to administer the fund and the power granted it by RCW 41.20.040, ". . . [to] make all needful rules and regulations for its guidance in conformity with the provisions of this chapter," negotiated a contract with the Grays Harbor Community Hospital Association, which provided that the association would furnish certain health benefits or services for sick or injured members of the Aberdeen police department. The contract provided for hospital care, as well as other services or benefits, which, incidentally, may not have been too clearly provided for under the provisions of RCW 41.20.120. In negotiating the contract, it seems that the board expected that any benefits contemplated by RCW 41.20.120 would be furnished *exclusively* by the aforementioned hospital association. In this connection, apparently at some time, the matter of the contract with the hospital association was presented to and was considered by the members of the Aberdeen police department and a substantial majority

voted to accept the benefits provided under the contract with the hospital association, and to forego any right or claim against the board for the payment of "hospital, care, or nursing expenses" incurred otherwise than with the hospital association.

John Augustine, a member of the Aberdeen police department, was injured seriously while on duty as a motorcycle policeman. He received no hospital services from the Grays Harbor Community Hospital Association, or other benefits provided for under the contract between it and the board of trustees of the policemen's fund. For reasons of his own, he received hospitalization at St. Joseph's Hospital and medical treatment from certain doctors *of his own choosing.* He presented a request to the board for the payment of the bills of the hospital and the doctors in the total sum of $929. The board was confronted with the problem of whether they had the right as a matter of law under the act to deny the claim and to limit officer Augustine strictly to the benefits that unquestionably would have been available to him under the contract between the board and the hospital association, if he had only taken advantage of them at the time he was injured.

The matter was referred to the corporation counsel of the city of Aberdeen. An opinion was obtained from the attorney general of the state of Washington, dated December 17, 1952, which indicated that the board had the legal right to deny benefits to officer Augustine, *except* those provided for under the contract entered into by the board and. the hospital association.

No hearing was held by the board. This is understandable because of the impression then existing that the question confronting the board was one of statutory interpretation rather than a factual or evidentiary one. Officer Augustine made no request for a hearing. In any event, Augustine's application for benefits under the statute was summarily denied as .a matter of law by the board of trustees. Augustine was granted certiorari by the superior court to review the action of the board of trustees.

Thereafter, the court entered a judgment setting aside the board's order which had denied Augustine's claim. The judgment further directed that Augustine's claim be considered by the board "upon its merits after hearing before said board, as provided by law." The board has appealed.

In the trial court, some question was raised as to whether certiorari was the proper procedure to review the action of the board in the instant case. RCW 7.16.040 provides:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board, or officer, *exercising judicial functions,* . . . is acting illegally . . . *and there is no appeal,* nor in the judgment of the court, any plain, speedy, and adequate remedy at law." (Italics ours.)

In a number of decisions, we have indicated that certiorari is the most suitable action to review certain actions of quasi judicial or administrative boards in the absence of the right to appeal or other adequate remedies at law. *Hays v. Merchants' Bank of Port Townsend,* 10 Wash. 573, 39 Pac. 98; *Carleton v. Board of Police Pension Fund Comm'rs.,* 115 Wash. 572, 197 Pac. 925; *In re Gifford,* 192 Wash. 562, 74 P. (2d) 475, 114 A. L. R. 348; *Lewis v. Bishop,* 19 Wash. 312, 53 Pac. 165; see, also, 10 Am. Jur. 537, § 13.

It is contended in behalf of respondent Augustine that this appeal should be dismissed because no appeal bond has been filed by or on behalf of the appellant board. We think the contention is without merit. The policemen's fund is a statutory creation. RCW 41.20.130 specifically states that the fund is created *in each city* of the first class in the state. RCW 41.20.010 provides that the mayor and certain other officials of cities of the first class and three members of the police department shall constitute the board of trustees of the fund. RCW 41.20.130 provides for two sources of revenue to maintain the fund in a solvent condition, namely, (1) monthly deductions from policemen's salaries, and (2) contributions of sums of money from city funds when necessary "to meet the financial requirements thereof." Nothing further need be said to indicate that the city of Aberdeen is the real party in interest in this matter, and that the filing

of an appeal bond is not a requisite for the maintenance of this action.

The contract between the board and the hospital association may seem to be a reasonable and laudable one in terms of providing benefits for policemen beneficiaries. A majority of the members of the police department of the city of Aberdeen voted their approval of the contract. These factors, though appealing, do not resolve the basic question of whether the board of trustees of the fund, pursuant to its rule-making power, can restrict the benefits provided by the act in the manner here attempted; or, in lieu of rights under the act, could substitute benefits to be rendered under the contract with the hospital association.

We note in particular the language of RCW 41.20.120, which reads, in part:

"Whenever any member . . . is confined *to any hospital* or to his home . . . *the board shall pay* the necessary *hospital, care,* and *nursing expenses* of such member out of the fund . . ." (Italics ours.)

It seems clear to us that this language supports the decision of the trial court that the board acted illegally, and that its order was null and void in deciding that the benefits to which officer Augustine was entitled were limited *as a matter of law* to those provided for under the contract between the board and the hospital association.

The action of the trial court in setting aside the board's order is hereby affirmed.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.