[Civ. No. 8615.    Fourth Dist., Div. Two.    Mar. 14, 1968.]

KIRBY CAMPBELL et al., Plaintiffs and Respondents, v. FARMERS INSURANCE EXCHANGE, Defendants and Appellants.

Thompson & Colegate and Michael R. Raftery for Defendants and Appellants.

Matthew E. Hennes for Plaintiffs and Respondents.

TAMURA, J.—Farmers Insurance Exchange (Farmers) appeals from a judgment confirming an arbitration award made under an uninsured motorist clause of an automobile liability policy.

Respondents Kirby Campbell and Myrtle Campbell are husband and wife. Myrtle suffered bodily injuries as a result of a two car collision with an uninsured motorist. Kirby was not in or near the vehicle. At the time of the accident an automobile liability policy issued by Farmers to Kirby was in effect.

When settlement negotiations failed the Campbells filed a demand for arbitration in which Myrtle claimed $10,000 damages for bodily injuries and Kirby claimed $5,000 damages for the loss of his wife's services. Following arbitration hearings, conducted pursuant to the rules of the American Arbitration Association as required by the policy, the arbitrator made an award of $10,000 to Myrtle and $5,000, less $1,000 medical payments advanced by Farmers, to Kirby.

Within the statutory period Farmers petitioned the superior court to correct the award on the ground that the arbitrator exceeded his powers in awarding a sum in excess of $10,000 inasmuch as only one person suffered bodily injury.

Campbells responded alleging, in substance, that the award was consistent with the terms of the policy, that Farmers made no objection to the demand for arbitration or to the introduction of evidence in support of the claims of both Myrtle and Kirby, and that under the terms of the policy and the rules of the American Arbitration Association Farmers was bound by the award.

The court denied the petition to correct the award, made findings in accordance with the allegations of the response, ordered confirmation of the award and entered judgment accordingly.

■ Farmers contends that the limit of its liability under the uninsured motorist coverage of its policy is $10,000 when only one insured suffers bodily injury. It, therefore, urges that in making an award in excess of that amount the arbitrator exceeded his powers and that the award should have been corrected pursuant to the provisions of section 1286.6 of the Code of Civil Procedure.[1]

The policy limits under the uninsured motorist coverage of Farmers' policy are expressed as follows:

"The limits of the Company's liability under this Part II shall be $10,000 on account of bodily injury sustained by one insured as a result of any one accident and, subject to the above provision respecting one insured, shall be $20,000 on account of bodily injury sustained by two or more insureds as the result of any one accident.

"The insurance afforded by this Part II applies separately to each insured, but the inclusion herein of more than one insured shall not increase the limits of the Company's liability."

We agree with Farmers' interpretation of the foregoing provisions.

---

[1]Section 1286.6 provides: "Subject to Section 1286.8, the court, unless it vacates the award pursuant to Section 1286.2, shall correct the award and confirm it as corrected if the court determines that:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or .

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy."

Section 1294.2 of the Code of Civil Procedure empowers this court, on an appeal from a judgment under the arbitration statute, to review any intermediate rulings, proceedings, order or decision "which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party."

While we find no California decisions on the precise question here presented, similar questions have arisen under the ordinary public liability provisions of a policy. In *Perkins* v. *Firemen's Fund Indem. Co.*, 44 Cal.App.2d 427, 429-431 [112 P.2d 670], a husband and wife sued the insurance company on a $10,000-$20,000 public liability policy on a judgment recovered against the tortfeasor. The wife who was the only one suffering injury in the accident had already been paid $10,000. The court upheld the insurer's contention that under the terms of its policy the limit of liability where only "one person" suffers bodily injury is $10,000. Under a like provision of a public liability policy this court held in *Valdez* v. *Interinsurance Exchange*, 246 Cal.App.2d 1, 4-7 [54 Cal.Rptr. 906], that where only one person was killed in an accident, the policy limit was $10,000 regardless of the number of heirs damaged. Cases from other jurisdictions are in accord with the foregoing decisions. (*Brunstein* v. *New Amsterdam Cas. Co.*, 255 N.Y. 137 [174 N.E. 304]; *New Amsterdam Cas. Co.* v. *Hart*, 153 Fla. 840 [16 So.2d 118, 150 A.L.R. 1150]; *Williams* v. *Standard Acc. Ins. Co.*, 188 F.2d 206; *Hutton* v. *Martin*, 43 Wn.2d 574 [262 P.2d 202]; 15 Couch, Insurance, p. 710.)

In *Sheffield* v. *American Indem. Co.*, 245 S.C. 389 [140 S.E. 2d 787, 13 A.L.R.3d 1220], the precise issue before us involving policy limits under an uninsured motorist endorsement was considered. The indorsement in that case defined the policy limits in substantially the same terms as in Farmers' policy.[2] The wife suffered bodily injuries as a result of a collision with an uninsured motorist and was paid $10,000 under the uninsured motorist coverage. Subsequently the husband, who was not in or near the collision, sued and obtained a judgment against the tortfeasor for damages for loss of his wife's services and sought to recover the amount of the judgment from his insurer. The court, relying upon decisions interpreting policy provisions relating to limits of liability under public liability coverage, including *Perkins* v. *Fire-*

---

[2]The uninsured motorist indorsement in *Sheffield* v. *American Indem. Co.*, *supra*, 245 S.C. 389 [140 S.E.2d 787], contained the following provision: " 'The limit of bodily injury liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of such liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.' "

*men's Fund Indem. Co., supra,* 44 Cal.App.2d 427, held that the wife being the only one who suffered bodily injuries, the company's liability under its uninsured motorist endorsement had been exhausted by the payment to her of $10,000.

█ The relevant language of the policy in the instant case is unambiguous; it clearly provides that the limit of the company's liability where only one person suffers bodily injury is $10,000. We are not, as suggested by respondents, bound by the interpretation placed on the provision by the trial court. (*Parsons* v. *Bristol Dev. Co.,* 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].)

But a resolution of the foregoing issue does not dispose of this appeal. █ Respondents contend, in effect, that the question respecting the limit of Farmers' liability under the terms of its policy was an arbitrable issue and that the parties are, therefore, bound by the award.

█ The powers of an arbitrator are determined by the terms of the submission agreement. (*O'Malley* v. *Petroleum Maintenance Co.,* 48 Cal.2d 107, 110 [308 P.2d 9] ; *Commercial Ins. Co.* v. *Copeland,* 248 Cal.App.2d 561, 564 [56 Cal. Rptr. 794] ; *Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333, 337 [43 Cal.Rptr. 476].) The arbitration clause of Farmers' policy provides:

"In the event the insured and the Company do not agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under this Part II *or do not agree as to the amount of payment which may be owing hereunder,* then, upon written demand of either, the matter or matters upon which the insured and the Company do not agree shall be settled by Arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. The insured and the Company each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Part II." (Italics supplied.)

█ The italicized portion of the arbitration clause renders it broader in scope than the minimum required by statute. (Ins. Code, § 11580.2; *Farmers Ins. Exchange* v. *Ruiz,* 250 Cal.App.2d 741, 744 [59 Cal.Rptr. 13] ; *Fisher* v. *State Farm Mut. Auto. Ins. Co.,* 243 Cal.App.2d 749, 751 [52 Cal.Rptr. 721].) The statutory requirement for arbitration is limited to the issues relating to the liability of the uninsured motorist and the amount of damages recoverable from him; it does not

include the issue of the amount of money the insurance company is obligated to pay the insured. (*Farmers Ins. Exchange* v. *Ruiz, supra,* p. 744; *Fisher* v. *State Farm Mut. Auto. Ins. Co., supra,* pp. 751-753.) The italicized portion of the arbitration clause in the present case relates not merely to the amount of damages recoverable from the uninsured motorist, but includes the issue of the amount payable under the terms of the policy. (*Fisher* v. *State Farm Mut. Auto. Ins. Co., supra.*)

The provisions of the arbitration clause, however, do not encompass disputes concerning interpretation of the insurance contract. It would be unreasonable to construe the words "owing hereunder" as indicating an intention to confer upon the arbitrator jurisdiction to make an award in excess of the policy limits. While parties may agree to confer upon an arbitrator the power to determine his own jurisdiction, such intention must be clearly expressed. (See *Key Ins. Exchange* v. *Biagini,* 250 Cal.App.2d 143, 147 [58 Cal.Rptr. 408].) The fact that the arbitration clause provides that the parties agree to be bound by any award of the arbitrator does not preclude an attack upon an award in excess of the policy limits. The parties are only bound by an award "made by the Arbitrator(s) pursuant to this Part II [uninsured motorist coverage]." An award in excess of the policy limits is not one made pursuant to the terms of the policy.

The present case is distinguishable from *Fisher* v. *State Farm Mut. Auto. Ins. Co., supra,* 243 Cal.App.2d 749. The insurance company filed a petition in the superior court to correct an arbitration award on the ground that it was entitled to a deduction of medical payments. Under the terms of the policy, such payments were required to be deducted from any loss payable to the insured. In affirming an order confirming the award without the deduction, the court held that since the arbitration clause providing for arbitration of disputes as to "amounts payable hereunder" conferred on the arbitrator the power to make such deductions, the insurer's failure to request the arbitrator to make the deduction precluded it from asking the court to do that which it should have requested the arbitrator to do. The award did not show on its face that the arbitrator refused to be bound by the terms of the policy.

In the instant case it is apparent from the face of the award that it is in excess of the policy limits. While

ordinarily where an issue is within the scope of the submission agreement and the parties have agreed to be bound by an award, errors in law or in fact committed by the arbitrator are not grounds for vacating the award (*Interinsurance Exchange etc. Club* v. *Bailes,* 219 Cal.App.2d 830, 834 [33 Cal.Rptr. 533]; *Government Emp. Ins. Co.* v. *Brunner,* 191 Cal.App.2d 334, 337 [12 Cal.Rptr. 547]; *Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 186 [260 P.2d 156]), where the error appears on the face of the award and causes substantial injustice, the award may be vacated. (See *Utah Constr. Co.* v. *Western Pac. Ry. Co.,* 174 Cal. 156, 159-160 [162 P. 631]; see 14 Couch, Insurance, § 50:249, p. 480; 5 Am.Jur.2d, § 169, p. 645; *In re Frick,* 130 Cal.App. 290, 292 [19 P.2d 836].)

■ Respondents contend that Farmers, by its failure to object to the demand for arbitration or to the introduction of evidence in support of the claims of both the wife and the husband, voluntarily submitted to the arbitrator the issue of determining what the policy limits were. Although parties may agree to submit to arbitration an issue which would not otherwise be arbitrable under the terms of the contract ( *Fidelity & Cas. Co.* v. *Dennis,* 229 Cal.App.2d 541, 543 [40 Cal.Rptr. 418]), the conduct of Farmers in the present case cannot be deemed to constitute an agreement to confer on the arbitrator the power to make a determination that the policy limits were greater than that provided by the policy. In *Fidelity & Cas. Co.* v. *Dennis, supra,* the court held that the issue as to whether the claimant was an insured under an uninsured motorist clause, an issue not arbitrable under the statutory arbitration clause (*Farmers Ins. Exchange* v. *Ruiz, supra,* 250 Cal.App.2d 741, 743), having been actually treated by the parties as an issue before the arbitrator, litigated before him and decided by him, the parties were bound by the decision of the arbitrator. There is nothing in the present record to show that the question of Farmers' policy limits was an issue before the arbitrator, that it was litigated before him, or that it was decided by him. The wife and husband were each insured and were each entitled to submit a claim and to introduce evidence in support thereof. Had the wife's damages been found to have been less than $10,000 the arbitrator would have been empowered to award the husband damages for the loss of his wife's services as permitted by the terms of the instant policy so long as the combined award did not exceed $10,000. In these circumstances the failure to object to the demand or to the introduc-

tion of evidence in support of the respective claims of the husband and wife cannot be deemed a waiver of the right to seek a correction or vacation of an award in excess of the policy limit. ▮ Public policy favoring arbitration and the finality of an arbitrator's award do not compel judicial confirmation of an award which on its face represents a manifest injustice to one of the parties.

The award being in excess of the powers of the arbitrator, the petition for correction should have been granted. (Code Civ. Proc., § 1286.6.)

The judgment is reversed with directions to correct the award by limiting recovery to $10,000 less the amount of medical payments found by the arbitrator to have been paid by Farmers and to enter judgment accordingly.

McCabe, P. J., and Kerrigan, J., concurred.

A petition for a rehearing was denied April 4, 1968.