[No. 47292–1.   En Banc.   October 1, 1981.]

GRAYS HARBOR COUNTY, ET AL, *Respondents,* v. MELVIN O. WILLIAMSON, ET AL, *Appellants.*

148

*Pamela G. Cipolla,* for appellants.

*Curtis M. Janhunen, Prosecuting Attorney,* and *John C. Strzynski, Chief Civil Deputy,* for respondents.

STAFFORD, J.—Appellant Melvin Williamson, an employee of respondent Grays Harbor County, filed a grievance through appellant American Federation of State, County and Municipal Employees, Local 275. The grievance alleged Williamson had been working 8 hours a day for the County but had only been paid for 7 hours of labor each day. Since a meeting with county officials failed to resolve the grievance the matter was submitted to binding arbitration pursuant to a labor agreement between the County and the Union.

The parties entered into an arbitration Submission Agreement which stipulated that "Article V—Hours of Labor" was the contract provision involved and the issues submitted for resolution were:

> Has the County violated its Collective Bargaining Agreement by requiring the grievant to work 8 hours a day while other employees in the bargaining unit are only required to work 7 hours a day pursuant to a longstanding practice? If so, what is the appropriate remedy?

Acting pursuant to the Submission Agreement the arbitrator held the County had violated the collective bargaining agreement, as amended by long–standing practice. He

also concluded the appropriate remedy was for the County to

> employ Mr. Williamson for a work week consisting of five seven hour days. The Employer will also pay Mr. Williamson the appropriate hourly amount of compensation he should receive for one extra hour a day (the eighth hour) since he began employment as a County employee and bargaining unit member.

In short, the County was required to reimburse Williamson for 1 hour a day for each day he had worked since beginning his employment approximately 1½ years earlier.

The County objected to the award, contending reimbursement should have been governed by Article IV(b) of the collective bargaining agreement which provides:

> All grievances shall be in writing specifying the applicable provisions of the present agreement alleged to have been violated and *filed within ten (10) days of its happening.*

(Italics ours.) The County asserted the arbitrator had improperly ignored Article IV(b) in fashioning the remedy.

The County sought review of the arbitration award by filing an application for a writ of certiorari in the Superior Court. As a result, the writ was issued and the arbitrator's award was stayed.

Appellants moved to dismiss the action and quash the writ asserting the court lacked jurisdiction over the subject matter and that the County had failed to state a claim. The motions were denied. Ultimately appellants filed a return to the writ enclosing a letter from the arbitrator explaining his inability to certify an actual record of the arbitration proceedings "because the parties did not ask for nor provide for transcription of matters at the arbitration hearing." Appellants did, however, certify the exhibits from the arbitration hearing which included the collective bargaining agreement, the grievance, the Submission Agreement (in which the parties had stipulated the issues and contract provision involved) as well as the arbitrator's "opinion and award".

Appellants filed a motion in limine requesting the court to limit review to the arbitrator's "Award" (which includes the stipulated statement of the issues, the stipulated contract provision, a background summary, assertions of the parties, discussion of the facts in light of the stipulation and the resultant remedy or award). The County moved to vacate the "Award" because of the arbitrator's failure to certify a complete transcript of the proceedings. As an alternative the County moved for a modification of the "Award" by reducing the amount of back pay.

The trial court made no formal disposition of appellants' motion in limine but denied the County's motion to vacate. It did, however, modify the "Award" by ordering the hourly wage to be paid retroactive to only 10 days prior to filing the grievance. In so doing the trial court held the balance of the back pay award "was issued in manifest disregard of Article IV, Section (b) of the . . . Labor Agreement . . ."[1]

Cross appeals followed. Appellants contend the trial court erred by denying their motion to quash the writ of certiorari and by modifying the arbitration award. On the other hand the County asserts the trial court committed error by denying its motion to vacate the award. We reverse the trial court for its failure to quash the writ of certiorari and remand the cause for reinstatement of the arbitrator's award.

The problem here arises because of a statutory and contractual hiatus that exists for review of arbitration cases under the attendant circumstances. RCW 41.56.122(2) provides for binding arbitration in public employee labor dis-

---

[1] It should be noted that the Submission Agreement signed by the parties provided that "the arbiter's decision will be based solely on this submission agreement and the evidence introduced at the hearing." The Submission Agreement stipulated specifically that the labor contract provision, alleged to be involved, was "Article V—Hours of Labor".

Article IV(b) relied on by the trial court had not been submitted as a contract provision alleged to be involved. It provided:

"All grievances shall be in writing specifying the applicable provisions of the present agreement alleged to have been violated and filed within ten (10) days of its happening."

putes. RCW 41.56.125 requires an arbitrator to conduct the arbitration of a dispute *in the manner provided in the public employee collective bargaining agreement.* Due to an obvious oversight the instant labor agreement fails to contain the contractual procedures contemplated by RCW 41.56.125, providing only that the matter shall be "referred to mediation and arbitration under RCW 41.56". Consequently, no provision was made for arbitration procedures and no provision was made for a review of awards in either chapter 41.56 or the labor agreement. Unfortunately, RCW 41.56.125 specifically eliminates resort to aid from RCW 49.08 (covering general labor disputes). The hiatus is further exacerbated by the fact that the instant labor contract makes no mention of RCW 7.04, the general arbitration statute, thus making it wholly inapplicable.[2]

The foregoing created the anomaly of having neither statutory nor contractual provisions for review of arbitration awards. While all parties appear to agree that an arbitrator's award should be subject to meaningful judicial review, they disagree as to the nature of the review. The County assumed that since neither applicable statutes nor the contract provided for review, judicial review must be accomplished by a writ of certiorari. We do not agree.

RCW 7.16.040 provides that a writ of review (certiorari)

shall be granted by any court . . . when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer . . . or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

Insofar as this case is concerned that statute has three prerequisites: (a) the action must be one of an "inferior tribunal, board or officer"; (b) it must be "exercising judicial

---

[2]RCW 7.04.010 specifically eliminates application of the general arbitration statute to agreements between employers and employees *unless specifically provided in the labor agreement. See Greyhound Corp. v. Division 1384, Amalgamated Ass'n of St. Employees,* 44 Wn.2d 808, 812–13, 271 P.2d 689 (1954).

functions"; and (c) there must be no other avenue of review or adequate remedy at law. At least two of the three prerequisites are absent here.

The general purpose of a writ of certiorari is to "review the official acts of a public officer, or an organ of government". *Standow v. Spokane,* 88 Wn.2d 624, 630, 564 P.2d 1145 (1977); *Pierce v. King County,* 62 Wn.2d 324, 331, 382 P.2d 628 (1963). Initially the County contends an arbitrator, selected with the aid of the Public Employment Relations Commission (PERC) pursuant to WAC 391–21–800–814, becomes a governmental tribunal, board or officer. This position is not well taken.

Under RCW 41.56.125 the method of selecting an arbitrator is optional, a request for names of arbitrators from PERC being only one method. As it turned out the arbitrator ultimately selected was merely one of five names submitted by PERC for consideration by the contesting parties. The arbitrator could just as well have been selected without the assistance of PERC. Final selection remained with the contestants. Further, the arbitrator acquired no power by reason of statute or the PERC proposal. Jurisdiction and power to act were derived from the "Submission Agreement" signed by the parties. That agreement set forth the arbitrator selected, his jurisdiction, the issues involved and the contract provision involved.[3] The arbitration was the result of private contract only; there was no governmental "tribunal, board or officer" involved as contemplated by RCW 7.16.040, *see Standow v. Spokane, supra.*

Whether there was, in fact, an exercise of a judicial function in this case is less clear. Arbitration has been viewed as both nonjudicial or the exercise of a judicial function depending upon the context of the question. For example, when discussing "due process" in the arena of arbitration, we have drawn upon the underlying requirement of English

---

[3]This is to be distinguished from the mandatory arbitration provided by RCW 7.06 and the Superior Court Mandatory Arbitration Rules (which grant a trial de novo upon appeal).

and American jurisprudence to declare that parties have a fundamental right to be heard and to present evidence, after reasonable notice of the time and place of the hearing. *Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 516 P.2d 1028 (1973). On the other hand, when dealing with the actual nature of arbitration itself we have not considered the function judicial. Rather, it has been deemed a substitute for judicial action. It is a procedure designed to reach settlement of controversies, by extrajudicial means, *before* they reach a point at which one must resort to judicial action. *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wn.2d 126, 132, 426 P.2d 828 (1967). In short, the very purpose of arbitration is to avoid courts and the formalities, the delay, the expense and the vexation of ordinary litigation. *Thorgaard Plumbing, supra* at 131–32; *Son Shipping Co. v. De Fosse & Tanghe,* 199 F.2d 687 (2d Cir. 1952).

Whether the arbitrator performed a judicial function in the context of this case need not be decided, however, since the County failed to show that the third prerequisite to statutory certiorari is present.

We do not agree with the County's assertion that there is no plain, speedy and adequate remedy at law for review of the "Award" under the peculiar statutory–contractual hiatus. Without question there is neither a contractual nor statutory means by which the contestants may obtain review of the arbitrator's award. This does not necessarily mean, however, the arbitrator's award was shielded from meaningful review.

The County has cited several cases which hold, in effect, that common law arbitration no longer exists in Washington. *See, e.g., Greyhound Corp. v. Division 1384, Amalgamated Ass'n of St. Employees, supra* at 813, and cases cited therein. These cases indeed sounded the death knell of common law arbitration as such. Nevertheless, all pronouncements were made in the context of initial arbitration procedures or have been concerned with whether arbitration agreements were irrevocable and binding under

existing statutes. None have discussed either the availability of review or the subject of review in the context of a statutory and contractual void.

We are aware of no case, and have been informed of none within this jurisdiction, which indicates that meaningful review cannot be had under the unique circumstances of the contractual–statutory hiatus found herein. Quite to the contrary, we are mindful of prior decisions which have resolved a hiatus wherein statutes modifying the common law have failed to completely cover the subject. *Green Mountain School Dist. 103 v. Durkee,* 56 Wn.2d 154, 351 P.2d 525 (1960); *Cooper v. Runnels,* 48 Wn.2d 108, 291 P.2d 657, 57 A.L.R.2d 597 (1955); RCW 4.04.010. In this context *see generally* C. Updegraff, *Arbitration and Labor Relations,* at 285–90 (3d ed. 1970). Under the circumstances of this case, there was a meaningful review available to the County aside from an extraordinary writ proceeding with its attendant procedures, rules and unique standards of review. *See* RCW 7.16.060, .070 and .120.

Since the action did not involve an inferior tribunal, board or officer; may not have involved the exercise of a judicial function; and was subject to a meaningful review, the trial court lacked jurisdiction to grant certiorari under RCW 7.16.040.

Having declared that it was beyond the jurisdiction of the trial court to grant certiorari, we need not reach other issues raised by the parties. Having once decided that the relief sought was beyond the jurisdiction of the trial court to grant, we will not inject ourselves into the dispute by suggesting which of several types of relief might have been pursued or what the result might have been. Those issues are not before us and should be left to future contestants.

The trial court is reversed and the cause is remanded to reinstate the arbitrator's award.

BRACHTENBACH, C.J., and UTTER, DOLLIVER, HICKS, WILLIAMS, and DIMMICK, JJ., concur.

ROSELLINI, J., concurs in the result.

Dore, J. (dissenting)—The majority avoids reaching the merits of the controversy by holding that the writ of certiorari failed to vest jurisdiction with the superior court. I would uphold the court's jurisdiction and affirm the Superior Court.

### Writ of Certiorari Can Challenge Legality of an Arbitrator's Award

RCW 7.16.040 provides that a writ of review (certiorari)

shall be granted by any court . . . when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer . . . or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

The superior court's power to review cases upon a writ of certiorari is expressly limited. *Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145 (1977). Resolution of this jurisdictional dispute hinges on whether the arbitrator, in conducting a hearing on an employee's grievance and in making an award, (1) performed a governmental function, (2) acted as an inferior tribunal, and (3) exercised judicial functions, and whether claimant had a remedy at law or right of appeal.

The majority holds that the subject arbitration concerns interpretation of a private contract rather than one involving a governmental function. Therefore, RCW 7.16.040 is unavailable because there was no governmental tribunal, board or officer involved as required by the statute. I disagree.

The matter in dispute is the interpretation of a written collective bargaining agreement entered into by an employer county with its employees. The arbitrator's decision will, undoubtedly, resolve the wage dispute of employee Williamson as well as many other employees, similarly situated, involving the same issue. Had the county commissioners and Williamson resolved their dispute without the benefit of an arbitrator, the matter would be gov-

ernmental. The lawful delegation by the parties of the right to decide an issue arising out of a collective bargaining agreement, through arbitration, does not make it any less governmental than it was before it was submitted. I would hold that the Superior Court in the subject case had jurisdiction pursuant to RCW 7.16.040 to review the arbitrator's award.

According to *Webster's Third New International Dictionary* (1967), an arbitrator is defined as "one with absolute power of deciding" and a tribunal is defined as "a person or body of persons having authority to hear and decide disputes so as to bind the disputants". The arbitrator in the subject case acted as an "inferior tribunal" within the meaning of that term as used in RCW 7.16.040. He was selected by both parties, heard and entered evidence, and made a binding award.

Washington courts have recognized that an arbitrator performs judicial functions, *Tombs v. Northwest Airlines, Inc.*, 83 Wn.2d 157, 161, 516 P.2d 1028 (1973) (personnel dispute); *Northern State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249, 386 P.2d 625 (1963) (construction contract dispute). Certiorari has been used as a means of reviewing the relations between public employers and employees. *Francisco v. Board of Directors*, 85 Wn.2d 575, 537 P.2d 789 (1975) (dismissal of teacher); *Augustine v. Board of Police Pension Fund Comm'rs*, 44 Wn.2d 732, 270 P.2d 475 (1954) (pension board decision).

The subject arbitrator's function, when compared with the criteria as set forth in *Standow*, was "judicial": (1) the court could have been charged with the duty of making the determination in the first instance; (2) historically, courts have performed the duties which were discharged by the subject arbitrator; (3) the arbitrator applied existing law to past and present facts for the purpose of enforcing liability; and (4) the action of the subject arbitrator—by conducting the hearing, listening to testimony, admitting exhibits, and making a binding award—resembles the ordinary business of the courts.

Finally, Williamson had no right to appeal the arbitrator's decision, nor did he have any other adequate remedy at law. The collective bargaining agreement entered into by the parties calls for the submission of unsettled grievances to arbitration under RCW 41.56.122(2). The statute authorizes the inclusion of a binding arbitration clause in collective bargaining agreements, but provides for neither an appeal procedure nor any other procedure whereby an aggrieved party may gain review of the arbitrator's decision.

In conclusion, the superior court was vested with jurisdiction for purposes of review of the arbitrator's decision pursuant to RCW 7.16.040. Both parties appointed the arbitrator and authorized him to bind them. The arbitrator was to resolve questions of facts and law. He acted as a tribunal and performed a judicial function. The parties had no right to appeal or other remedy at law to obtain review of his decision.

### SUPERIOR COURT CAN MODIFY ERROR APPARENT ON *FACE OF AWARD*

The submission agreement signed by the parties under date of August 7, 1979, contained the following provisions:

### II. ARBITER'S JURISDICTION

The parties stipulate that this matter will be tried solely by one arbiter, Eaton H. Conant. The parties further stipulate that the arbiter has jurisdiction to decide the issue stated below and that his jurisdiction is based upon the following exhibits, each of which is a true copy of the original:

Exhibit A: *Current labor agreement between county and union.*

Exhibit B: Grievance by Melvin O. Williamson dated January 4, 1979.

Exhibit C: Request for appointment of arbitrator.

Exhibit D: Letter from Public Employment Relations Commission: List of Arbitrators.

Exhibit E: Letter to Eaton Conant dated June 4, 1979, selecting arbitrator.

Exhibit F: 1977–1978 labor agreement between county and union.

### III. Issue

Has the County violated its Collective Bargaining Agreement by requiring the grievant to work 8 hours a day while other employees in the bargaining unit are only required to work 7 hours a day pursuant to a longstanding practice? If so, what is the appropriate remedy?

### IV. Contract Provision Alleged To Be Involved

Article V—Hours of Labor

### V. Procedure

. . .

C. The arbiter's decision will be based solely on this submission agreement and the evidence introduced at the hearing. . . .

(Italics mine.)

In the official agreement form, claimant Williamson requested an adjustment as follows:

"Authorize my work schedule to revert to a 7 hour day (as all courthouse employees) and be reimbursed for the extra hours worked."

Article IV(b) of the labor agreement states: "All grievances shall be in writing specifying the applicable provisions of the present agreement alleged to have been violated and filed within ten (10) days of its happening". The undisputed facts establish the respondent became a county employee in July 1977, and that he did not file an official grievance until January 4, 1979. In awarding respondent compensation for the extra hours he worked each day since becoming a county employee, the arbitrator completely ignored this critical provision of the labor agreement.

*Detroit Coil Co. v. International Ass'n of Machinists, Lodge 82,* 594 F.2d 575 (6th Cir. 1979) held that an arbitrator was bound by the time limits of the collective bargaining agreement. The court stated at page 579:

[W]hile an arbitrator has considerable latitude, his powers are not unlimited in the resolution of labor disputes. The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and

unambiguous provisions . . . Furthermore, "[i]f the arbitrator's award has deviated from the plain meaning of a labor contract provision, it must find support in the contract itself or in prior practices demonstrating relaxation of the literal language".

(Citations omitted.)

*Abbott v. California State Auto Ass'n,* 68 Cal. App. 3d 763, 137 Cal. Rptr. 580 (1977) reviewed an arbitration proceeding pursuant to a statute which did not allow for vacation of an arbitrator's award despite errors of fact or law. Nonetheless, the court followed the rule that *"where the error appears on the face of the award and causes substantial injustice, the award may be vacated".* (Italics mine.) *Abbott,* at 769. *See Campbell v. Farmers Ins. Exch.,* 260 Cal. App. 2d 105, 67 Cal. Rptr. 175 (1968). *Abbott* further held that a stipulation before the reviewing court to the effect that the arbitrator's award was in direct conflict with the terms of the agreement, was tantamount to an error on the face of the award. Similarly, in *Service Personnel of Dairy Indus., Teamsters Local 205 v. Carl Colteryahn Dairy, Inc.,* 436 F. Supp. 341, 344 (W.D. Pa. 1977), the court stated:

Where an award is issued in manifest disregard for the terms of the agreement, the court is bound to overrule it.

An arbitrator exceeds his authority when he ignores a relevant provision of the collective bargaining agreement. *Dale v. Leechburg Area School Dist.,* 42 Pa. Commw. Ct. 339, 401 A.2d 582, 584–85 (1979).

Under the terms of the labor relations agreement between the Union and Grays Harbor County, if the County had granted Williamson his formal request, his work schedule would have reverted to a 7–hour day and he would have been granted compensation retroactive to 10 days before he filed his grievance. The County had no authority or jurisdiction under the agreement to award him more. The parties, in signing the written stipulation agreement, limited the *jurisdiction* of the arbitrator. The collective bargaining agreement (Exhibit A—Article IV(b))

160

requires that all grievances be filed in writing specifying the applicable provisions of the collective bargaining agreement alleged to have been violated and filed within *ten days of its happening.* The arbitrator's award was, therefore, limited to provide relief to 10 days before the filing of the grievance. This was manifest on the face of the arbitrator's award and could be corrected by the Superior Court.

The Superior Court correctly modified the arbitrator's award to provide "the employer will also pay Mr. Williamson the appropriate hourly amount of compensation he should receive for working one extra hour a day (the 8th hour) since December 26, 1979".

I would affirm the Superior Court award as modified.