959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PRUDENTIAL REAL ESTATE AFFILIATES, INC.,
Plaintiff-counter-defendant-Appellant,
v.
The PRUDENTIAL MGM REALTY, INC., Defendant-counter-plaintiff-Appellee.
 No. 91-56418.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.
Decided April 8, 1992.
 
 1
 Before HUG and PREGERSON, Circuit Judges, PECKHAM,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Prudential Real Estate Affiliates, Inc. (PREA) appeals from the judgment of the district court confirming an arbitration award of $1.14 million in favor of MGM Realty, Inc. (MGM). PREA claims that the arbitrators' statements on the record and their request for additional briefing show that issues were considered and decided that were not submitted for arbitration and, thus, exceeded their authority. PREA also claims that the presiding arbitrator's failure to disclose his psychotherapy practice substantially prejudiced PREA's right to select qualified arbitrators. We affirm.
 
 
 4
 The denial of a motion to vacate an arbitration award is reviewed de novo. Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 284 (9th Cir.1989). Arbitrators' decisions are entitled to great deference and will not be set aside unless they evidence a manifest disregard for the law. Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir.1991) (citation omitted).
 
 
 5
 The Federal Arbitration Act, 9 U.S.C. § 1 et seq., allows a federal district court to vacate an arbitration award "[w]here the arbitrators exceeded their powers...." 9 U.S.C. § 10(a)(4). The California Arbitration Act similarly allows judicial review of arbitration awards and allows vacation of an award where the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." Cal.Civ.Proc.Code § 1286.2(d).
 
 
 6
 Under California law, the reviewing court may not review the merits of the dispute submitted to arbitration, or the sufficiency of the evidence to support the award. Cobler v. Stanley, Barber, Southard, Brown & Assoc., 265 Cal.Rptr. 868, 870 (Cal.Ct.App.1990). The validity of the arbitrators' reasoning is also unreviewable. Greenfield v. Mosley, 247 Cal.Rptr. 314, 319 (Cal.Ct.App.1988).
 
 
 7
 An award based on an error of law may "under certain circumstances" be set aside if it was in excess of the arbitrator's powers. Greenfield, 247 Cal.Rptr. at 320. If an error of law appears on the face of the award and causes substantial injustice, the award may be vacated. Id. An arbitrator's admission that he has not acted in accordance with principles of law will be treated as if an error of law appears on the face of the award. Greenfield, 247 Cal.Rptr. at 321; Abbott v. California State Auto. Ass'n, 137 Cal.Rptr. 580, 584 (Cal.Ct.App.1977). The scope of an arbitrator's authority is determined by the agreement of the parties and the submission of issues to the arbitrator. Delta Lines, Inc. v. Int'l Bhd. of Teamsters, Local 468, 136 Cal.Rptr. 345, 349 (Cal.Ct.App.1977).
 
 
 8
 PREA claims that the district court erred by holding that the arbitrators did not exceed their authority under Cal.Civ.Proc.Code § 1286.2(d). PREA argues that the arbitrators' request for additional briefing and their comments during the arbitration proceeding constitute admissions that they considered unsubmitted issues and thus acted in excess of their powers. PREA relies on Cobler and Delta Lines for the proposition that the arbitrators in this case have exceeded their authority. However, in those cases the errors appeared on the face of the award.
 
 
 9
 The face of the award in this case does not reveal any action by the arbitrators in excess of their powers. We find no authority for vacating the award on the basis of remarks made by the arbitrators during arbitration hearings, or on the basis of mere consideration by the arbitrators of the possible relevance of concepts not fully developed in the complaint. PREA cites Greenfield as authority for the proposition that statements made by the arbitrators on the record during the course of the arbitration constitute an admission that the arbitrators exceeded the scope of their authority because they admittedly considered issues that were not submitted. We reject this argument for several reasons. First, no case has ever held that an arbitrator's statements in the record can constitute errors "on the face of an award." The only two cases on point involve post-award stipulations of error by the arbitrators, not statements pulled from the record. See Abbott, 137 Cal.Rptr. at 583; Allen v. Interinsurance Exch., 80 Cal.Rptr. 247, 249 (Cal.Ct.App.1969). Second, the PREA-MGM arbitrators' statements on the record requesting additional briefing were not tantamount to an admission that they did not act in accordance with principles of law. The additional briefing may as well have made evident to the arbitrators that they should not decide the case on unsubmitted issues, and that concepts of fiduciary duty and corporate negligence were beyond the contract. The request for briefing does not establish that the arbitrators exceeded their authority.
 
 
 10
 PREA also claims that the district court erred when it held that PREA did not suffer substantial prejudice under Cal.Civ.Proc.Code § 1286.2(c) because the presiding arbitrator did not disclose his psychotherapy practice in his professional profile, which PREA relied upon in selecting him as an arbitrator. In order to set aside an arbitration award on the grounds of arbitrator misconduct, substantial prejudice must be shown. Cal.Civ.Proc.Code § 1286.2(c). PREA contends that the selection of arbitrators is so fundamental that the court must find prejudice.
 
 
 11
 An arbitrator's failure to comply with the procedures for the conduct of arbitration proceedings set forth in section 1282 et seq., "may provide grounds to attack the award under section 1286.2 on the ground the arbitration failed to meet minimum levels of integrity." Coopers & Lybrand v. Superior Court, 260 Cal.Rptr. 713, 721 (Cal.Ct.App.1989) (quoting Graham v. Scissor-Tail, Inc., 171 Cal.Rptr. 604, 615 (Cal.1981) (en banc)). Courts must determine "on a case by case basis" what constitutes minimum levels of integrity. Graham, 171 Cal.Rptr. at 615 (illusory agreement to arbitrate failed to meet minimum levels of integrity).
 
 
 12
 The American Arbitration Association (AAA) considered and rejected PREA's objections, including PREA's claim that MacMahon should be removed because "truthful disclosure in selection goes to the heart of the integrity of the arbitration process." The AAA's application of its own rules is significant, particularly because the parties had agreed that the AAA would administer the arbitration according to AAA's commercial arbitration rules.
 
 
 13
 Moreover, the statute requires a showing of substantial prejudice. PREA cites no authority in support of its claim that a failure to disclose professional biographical information amounts to substantial prejudice because it impairs a party's right to make an informed selection of the arbitrators. PREA has not shown that MacMahon's omission of his psychotherapy practice from his AAA biography resulted in substantial prejudice to PREA.
 
 
 14
 PREA also argues that substantial prejudice resulted because MacMahon was not qualified to serve as an arbitrator in a complex commercial dispute. The excerpts of the transcript do not show that MacMahon was unqualified. As MGM explains, MacMahon's expressions of confusion were made during an expert witness's explanation of a formula for calculating damages.
 
 
 15
 Although PREA correctly states that one bad arbitrator is enough to taint an award, Wheeler v. St. Joseph Hosp., 133 Cal.Rptr. 775, 793 (Cal.Ct.App.1977), we do not find that there was one bad arbitrator on the arbitration panel in the instant case. 133 Cal.Rptr. at 791-93. The Wheeler case involved allegations of bias. Although substantial injury is not required in bias cases, it is necessary when contesting an arbitrator's qualifications.
 
 
 16
 The district court correctly found that PREA did not suffer substantial injury.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3