MRS. EARL RISER, Appellee, v. FEDERAL LIFE INSURANCE COMPANY, Appellant.

*Parrish, Cohen, Guthrie, Watters & Halloran*, for appellant.

*Raymond N. Klass* and *Rogers & Ruppelt*, for appellee.

STEVENS, J.—Appellee is the mother of the insured, and is the beneficiary named in the policy. The insured, Thomas Basil Riser, was accidentally killed, on August 3, 1926, by being thrown from a horse on which he was riding. The terms of the policy, so far as they are material to this decision, are as follows:

"The Company will pay for loss of life $2,000 sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the insured is riding or by being accidentally thrown therefrom.

"This includes persons riding in or driving automobiles or any other motor-driven or horse-drawn vehicles, and by the wrecking of any passenger elevator (elevators in mines excepted) in which the insured is riding as a passenger."

The sole question in the case is: Does the foregoing provision of the policy include a horse, saddled and bridled, within the meaning of the word "vehicle," as therein used? The allegation in the petition is that the insured met his death by accidental means "by being thrown from a private vehicle, consisting of a horse, saddled and bridled, on which he was riding at the time."

As shown by the numerous citations of lexicographers in the briefs of counsel, the word "vehicle," as used in common speech, has a varied and somewhat extended meaning. We are not, in the construction of the terms of the policy involved, however, dealing with the word "vehicle" in the abstract. Abstractly, it may undoubtedly be properly used to include a horse, when used as a means or instrumentality of conveyance. The question for decision is: Is a horse, saddled and bridled, and being used as a means of conveyance or transportation, a vehicle,

within the language of this policy? Counsel have not, in argument, given particular significance to the preposition "in," as employed in the paragraph of the policy under consideration. The prepositions "in" and "on," when used to designate location, are never synonymous. "In" means "within"—the interior; "on" means "upon"—the surface. If the policy clearly contemplated a horse as a vehicle, within the meaning of that term as used, then the preposition "in" would have to be construed as intended to designate the surface. It seems to us that "in" must be given some weight in this instance, in determining the character of the vehicle intended. The reference in the first instance is to a vehicle or car, capable of being wrecked or disabled. It is also described as a vehicle or car operated by any private carrier or private person. Referring to the matter of location, the language is: "*In* which the insured is riding."

Referring further to the location of the insured, the policy is made to "include persons riding *in* or driving automobiles or any other motor-driven or horse-drawn vehicle." Words, in the construction of contracts, are to be given their usual and ordinary meaning, unless a different meaning is intended by the parties. It is also a well settled rule that the terms and provisions of insurance policies, which are prepared by the insurer, are to be construed most strongly against it. It would seem to be clear that the sort of vehicle contemplated by the policy is one that may be entered,—that is, that is capable of receiving the insured within. So far as specifically designated by the policy, the term includes, as stated, a car operated by a private carrier or person, and also automobiles; any motor-driven or horse-drawn vehicle. To come within the terms and provisions of the policy, a horse, to constitute a vehicle, must be included in the term "any vehicle." Several cases are cited in which the term "vehicle" has been defined with particular reference to statute or ordinance. *Davis v. Petrinovich,* 112 Ala. 654 (21 So. 344); *Duckwall v. City of New Albany,* 25 Ind. 283; *City of St. Louis v. Woodruff,* 71 Mo. 92. Perhaps *Inman v. C., M. & St. P. R. Co.,* 60 Iowa 459, has some possible bearing on the questions.

Two decisions of Federal courts are also particularly relied upon by appellee. In *Gatewood v. Continental Gen. Life Ins. Co.,* 23 Fed. (2d Ser.) 211, the decision turned largely

upon the application of the word "conveyance." The court held that a saddle horse, from which the rider had temporarily dismounted, which kicked insured while he was walking on a public highway, and caused his death, was a conveyance, within the meaning of the policy. The question in *National Fire Ins. Co. v. Elliott*, 7 Fed. (2d Ser.) 522, as stated by the writer of the opinion, was "whether either the 'transportation clause' or the 'collision clause' of the policy cover the contingency out of which the damage to the automobile was sustained." The automobile involved was stored in a garage containing an elevator, by the use of which cars were transferred from one floor of the building to another. The automobile, the recovery of damages to which was sought, was damaged when the elevator collapsed, causing it to fall violently to the basement. The Circuit Court of the Eighth Circuit held that the accident amounted to a "collision," within the terms and meaning of the policy. None of the cases referred to afford substantial aid to the court in the decision of the case before us. The policy in suit in each reference to the vehicle clearly indicates that the nature of the vehicle contemplated is one in which the insured, at the time of the injury, was riding, or such motor-driven or horse-drawn vehicle as he might be driving. This construction gives force and effect to every word of the policy, and to all of the language used its usual and customary meaning. To include the instrumentality by which the death of the insured was caused as a vehicle, within the terms of the policy, would not only require that the language thereof be given a meaning other than that usually and ordinarily understood, but would also require that the same be exceedingly strained, if not completely distorted.

As bearing upon the use of the preposition "in" and its application in contradistinction to the preposition "on," attention is called to *Depue v. Travelers' Ins. Co.* (Cir. Ct. Pa.), 166 Fed. 183; *Board of Chosen Freeholders v. Central R. Co.*, 68 N. J. Eq. 500 (59 Atl. 303).

It seems to us that the construction given to the word "vehicle" by the district court is erroneous. The judgment is, accordingly, reversed.—*Reversed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.