JOHNSON *v.* LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

4-5915 139 S. W. 2d 50

Opinion delivered April 15, 1940.

*Corneal Warfield, William West* and *W. W. Grubbs,* for appellant.

*Ohmer C. Burnside* and *Ben Wilkes,* for appellee.

HUMPHREYS, J. Appellant, the beneficiary in an accident insurance policy in the sum of $1,000, issued by

appellee on November 16, 1936, to Richard Keith, her father, brought suit in the circuit court of Chicot county against appellee to recover the face value of the policy on the ground that the insured was accidentally killed by a mule that was harnessed for the plow on a public road that led from highway No. 65 across the plantation of J. M. Higgins to a country road paralleling said highway about one-half of a mile west. The complaint alleged and the answer admits the issuance of the policy, its delivery and that it was in full force and effect when the insured was injured and killed.

The answer denied that the insured was killed on a public road and in the manner rendering it liable under the terms of the policy for the death of the insured.

The policy was attached as an exhibit to the complaint and insured the holder thereof against the results of bodily injuries received by him on a public road by accidental means in a number of ways, the pertinent one being, "or by collision of or any accident to any private horse-drawn vehicle, private motor driven automobile or motor driven truck inside of which the insured is riding or driving."

The cause was submitted to the court sitting as a jury upon the pleadings and testimony resulting in a judgment to the effect that the insured died as the result of an accident by external, violent and accidental means, but that said insured's death was not within the strict provisions of the limited risks insured against in said policy, from which an appeal has been duly prosecuted to this court.

Appellant contends for a reversal of the judgment on the ground that the court erred in holding that the accident was not covered by the terms of the policy sued on.

It is disclosed by the record that the plantation of J. M. Higgins lies between highway 65, situated on the west bank of Ground Lake, and the county road, paralleling the railroad, and that there is a plantation road running through same which connects highway 65 with the county road, and that said road is used by Higgins and

his tenants in getting from one part of his plantation to another, and also that same is traveled and has been traveled for fourteen or fifteen years by the public or people residing in that community without any permission from Higgins, the plantation owner, and further shows that Richard Keith, the insured, was a tenant of Mr. Higgins and lived in a tenant house located on the place which house was situated on or near said plantation road; that Mr. Higgins' barn was located in the same field with the house on or near the plantation road, about one-half mile from Keith's house.

Only two witnesses testified in the case. Mr. Higgins testified that he did not see the accident, but, after it happened, he inspected the plantation road leading from his barn to Keith's house, in said field, and observed where Keith had fallen and been dragged; that in some way he had gotten caught in the harness on the mule and was dragged from the place where he fell to the barn and injured from which injuries he soon died.

Linnie Johnson, the appellant, testified, in substance, that the first she knew of the accident was when she heard her father hollo and went to the back door of the house, looked out and saw her father being dragged by the mule.

Neither of the witnesses testified that Keith was riding the mule at the time of the accident.

There is substantial evidence in the record tending to show that the road where the accident occurred was a public road, but there is an entire absence of any substantial evidence tending to show that the insured was riding in or on a "private horse-drawn vehicle" at the time he was injured and killed. We do not think it can be said as a matter of law that the mule with plow harness on him was a "private horse-drawn vehicle" within the meaning of the term as employed in the policy of insurance forming the basis of this suit.

We think the case of *Riser* v. *Federal Life Ins. Co.*, 207 Ia. 1101, 224 N. W. 67, is more nearly in point than any case which has been cited, and that the cases of

*Gatewood* v. *Cont. Gen. Life Ins. Co.*, 23 F. 211, and the *National Fire Ins. Co.* v. *Elliott*, 7 F. 2d 522, 42 A. L. R. 1121, do not have any application to or shed any light upon the language used in the policy made the basis of this action, which language is as follows: "or by collision of or by any accident to any private horse-drawn vehicle." In other words, we do not think the language used in the policy made the basis of this action covers a mule harnessed for the plow.

The judgment of the trial court is, therefore, affirmed.