[Civ. No. 45240. First Dist., Div. One. Apr. 22, 1980.]

ROBERT PELGER, Plaintiff and Appellant, v.
CALIFORNIA CASUALTY INDEMNITY COMPANY,
Defendant and Respondent.

COUNSEL

Ruffin & Rotwein and Geoffrey Rotwein for Plaintiff and Appellant.

Robertson, Needham & Silverthorne and Willis C. Silverthorne for Defendant and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Plaintiff Robert Pelger was the insured under an automobile liability insurance policy written by defendant California Casualty Indemnity Company (the insurance company). The policy furnished uninsured motorist coverage (see Ins. Code, § 11580.2), and generally provided for arbitration of disputes thereunder.

Pelger allegedly suffered personal injuries and damages proximately caused by the negligence of an uninsured motorist. Apparently because of a dispute whether the policy's coverage was $15,000 or $50,000 he filed, in the superior court, a petition to compel arbitration. The court thereafter ordered such arbitration, except: "That the question of the

amount of the policy limits of the uninsured motorist coverage issued by [the insurance company] covering the [insured] is to be reserved to the Court." The exception was ordered over Pelger's objection.

The arbitrator determined, as relevant, that the uninsured motorist was liable to Pelger for $27,973. He, of course, made no determination as to "the amount of the policy limits of the uninsured motorist coverage . . . ."

Back in the superior court, Pelger sought "an order confirming the arbitrator[']s" award, and further: "That the court find[,] decree, and adjudge that the amount payable under the [uninsured motorist coverage of the] policy is the full amount of the award, with costs, or in the alternative, that said question be referred back to the arbitrator for such finding."

Thereafter, on the insurance company's motion for summary judgment the superior court determined its liability under the policy's uninsured motorist provision to be $15,000. Judgment was entered accordingly.

Pelger's appeal is from the summary judgment.

■ He contends that: "The trial court should have referred the question of policy limits [of the uninsured motorist coverage] to the arbitrator and not to itself."

California's uninsured motorist statute, Insurance Code section 11580.2, as relevant here provides: "(f) The policy . . . shall provide that the determination as to whether the insured *shall be legally entitled to recover damages*, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by *arbitration*." (Italics added.)

The above portion of the statute, as hereafter will be seen, is sometimes referred to as the "narrow" uninsured motorist arbitration provision.

The arbitration provision of the insurance company's policy, as relevant, provided: "Arbitration: If any person making claim hereunder and the Company do not agree that such person is legally entitled to re-

■

cover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, *or do not agree as to the amount payable hereunder,* then both parties shall agree upon a competent, neutral arbitrator.... The arbitrator shall then hear and determine the question or questions so in dispute, and his decision in writing shall be binding...." (Italics added.)

This, and other such provisions, which are *"broader"* than the statute's requirement are commonly so termed. An insurance carrier is, of course, at liberty to expand the area of arbitration beyond Insurance Code section 11580.2's requirements. (*Fisher* v. *State Farm Mut. Auto. Ins. Co.* (1966) 243 Cal.App.2d 749, 752 [52 Cal.Rptr. 721].)

The recent high court case of *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480-482 [121 Cal.Rptr. 477, 535 P.2d 341], we opine, is decisive of the issue before us.

*Freeman* advises that the *narrow* language of the statute (Ins. Code, § 11580.2) requires "arbitration of two issues only: (1) *whether the insured is entitled to recover against the uninsured motorist* and (2) if so, the amount of the damages." (Italics added; 14 Cal.3d, p. 480.) It does not authorize arbitration concerning the extent of *uninsured motorist coverage.*

But *Freeman* then points out: "Where the arbitration clause in the insurance policy is broader than the statute, the arbitration of additional issues may be required. Cases involving such arbitration agreements must be distinguished from those which are concerned only with the statutory language." (14 Cal.3d, p. 481.) Among the cases cited by the court, were *Fisher* v. *State Farm Mut. Auto. Ins. Co., supra,* 243 Cal.App.2d 749, *Farmers Ins. Exch.* v. *Ruiz* (1967) 250 Cal.App.2d 741 [59 Cal.Rptr. 13], and *Campbell* v. *Farmers Ins. Exch.* (1968) 260 Cal.App.2d 105 [67 Cal.Rptr. 175].

The policy of *Fisher* v. *State Farm Mut. Auto. Ins. Co., supra,* 243 Cal.App.2d. 749, contained the *broader* arbitration provision. An arbitrator had determined the *amount due Fisher from State Farm* and made his award accordingly. Confronted with an argument that the policy did not authorize arbitration of that issue, the court said: "If only the issues declared to be arbitrable under section 11580.2 had been agreed to be submitted to arbitration, we would entertain serious doubts

whether the award can stand *in toto.* These issues are 'whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof....' (Ins. Code, § 11580.2, subd. (e).) They relate clearly to the liability of the uninsured motorist to the insured and not to the amount of money which the insurance company must pay the insured under the uninsured motorist coverage....It is obvious, however, that under the arbitration agreement the parties herein contracted to submit to arbitration more than the statute requires. There is no rule of law which prevents them from doing so. The key words of the policy are: 'If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, *or do not agree as to the amount payable hereunder,...' Having agreed to submit to arbitration not only the amount of liability of the uninsured motorist but also 'the amount payable hereunder,' State Farm should have submitted all matters pertaining to the 'amount payable' to the arbitrators. Having failed to do so, it cannot subvert the purposes of the arbitration procedure by asking the superior court to do it later."* (Latter italics added, fn. omitted; 243 Cal.App.2d, pp. 751-752.)

In *Farmers Ins. Exch. v. Ruiz, supra,* 250 Cal.App.2d 741, the *broader* "critical clause in the Ruiz policy states: 'In the event the insured and the Company do not agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under this Part II or *do not agree as to the amount of payment which may be owing hereunder,* then, upon written demand of either, the matter or matters upon which the insured and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association.' [Italics added.] The language of the Ruiz policy, excepting the [italicized] language, is a substantial repetition of the provisions of subdivision (e) of section 11580.2 of the Insurance Code, which provides, in pertinent part: 'The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration.' [¶] An insurance clause which repeats the language of subdivision (e) of section 11580.2 without material change requires arbitration solely of the issues relating to the liability of the uninsured motorist to the insured, and it excludes therefrom the determination of the amount of money which the insurance company must pay to its in-

sured. . . . [¶] *If the claimant is conceded to be an insured within the meaning of the policy and the controversy between the insured and his insurance company concerns the amount payable from the insurance company to the claimant, the [emphasized] words of the Ruiz clause constitute an agreement to submit that controversy to arbitration.*" (Latter italics added; 250 Cal.App.2d, pp. 744-745.)

*Campbell* v. *Farmers Ins. Exch., supra,* 260 Cal.App.2d 105, generally agrees. There the *broader* arbitration provision, among other things, provided: "'In the event the insured and the Company do not agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under this Part II *or do not agree as to the amount of payment which may be owing hereunder,* then, upon written demand of either, the matter or matters upon which the insured and the Company do not agree shall be settled by Arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. The insured and the Company each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Part II.'" The court stated: "The [emphasized] portion of the arbitration clause renders it broader in scope than the minimum required by statute . . . . The statutory requirement for arbitration is limited to the issues relating to the liability of the uninsured motorist and the amount of damages recoverable from him; it does not include the issue of the amount of money the insurance company is obligated to pay the insured. (*Farmers Ins. Exchange* v. *Ruiz, supra,* p. 744; *Fisher* v. *State Farm Mut. Auto. Ins. Co., supra,* pp. 751-753.) *The [emphasized] portion of the arbitration clause in the present case relates not merely to the amount of damages recoverable from the uninsured motorist, but includes the issue of the amount payable under the terms of the policy.* (*Fisher* v. *State Farm Mut. Auto. Ins. Co., supra.*)" (Latter italics added; 260 Cal.App.2d, pp. 110-111.)

From the foregoing authority it becomes manifest that under the instant uninsured motorist arbitration provision the issue of the insurance company's *liability to Pelger* should have been arbitrated, as was consistently maintained by him. The summary judgment will accordingly be reversed and the cause ordered remanded to the arbitrator.

We have not failed to consider other language of *Campbell* v. *Farmers Ins. Exch., supra,* 260 Cal.App.2d 105, relied upon by the insurance

company where, *on the face of the record* and as a matter of law, the arbitration award had exceeded the policy's uninsured motorist coverage. Finding that the parties had indicated by the policy's *broader* clause, no "intention to confer upon the arbitrator jurisdiction to make an award in excess of the policy limits" (p. 111), the court ordered the superior court to appropriately correct the arbitrator's erroneous award.

Here, on the other hand, there quite clearly was a dispute between the parties as to the meaning of the policy. The insurance company, before the trial court, conceded that "an issue of interpretation of the policy" was involved, and at the trial of that issue it introduced extrinsic evidence tending to establish coverage as claimed by it. The resolution of such a dispute (partly factual in nature) seems clearly intended by the policy's *broader* arbitration provision to be arbitrable. We need not inquire into the validity of *Campbell's* exception to the rule otherwise iterated there, and by *Freeman*, *Fisher* and *Ruiz*.

The summary judgment is reversed. The superior court will take further proceedings not inconsistent with the views we have expressed.

Newsom, J., and Grodin, J., concurred.