[No. AO14782. First Dist., Div. One. Dec. 23, 1983.]

HARTFORD ACCIDENT AND INDEMNITY COMPANY et al.,
Plaintiffs, Cross-defendants and Respondents, v.
EUGENE C. JACKSON, Defendant, Cross-complainant and Appellant.

**COUNSEL**

John Brownston for Defendant, Cross-complainant and Appellant.

Georgetta Beck and Thomas D. Marple for Plaintiffs, Cross-defendants and Respondents.

**OPINION**

**RACANELLI, P. J.**—This appeal raises the question whether an uninsured motorist provision in an automobile liability insurance policy provides cov-

erage for damages caused by a riderless horse. We affirm the trial court's judgment finding no coverage.

## FACTS

On November 17, 1975, as defendant was driving his Dodge pickup truck along a Humboldt County highway, he collided with one of two riderless, unbridled horses which appeared suddenly upon the roadway. Almost simultaneously, a Datsun travelling in the opposite direction collided with the other horse following which the two vehicles immediately collided. Defendant was injured, and the driver of the Datsun was killed. On the date of the accident defendant was insured under a Hartford automobile liability insurance policy issued in the name of defendant's father. The policy (which is not included in the record on appeal) provided uninsured motorist coverage.

On August 23, 1976, the heirs of the deceased driver of the Datsun commenced an action in Humboldt County Superior Court against defendant and the alleged owners of the two horses. Defendant cross-complained against the alleged owners of the horses. Hartford was notified and provided a defense of defendant's interests on the complaint.

On August 8, 1977, after investigation failed to uncover the owners or custodians of the horses, defendant filed a formal demand for arbitration seeking recovery for his injuries under the uninsured motorist provision of the Hartford policy. On November 28, 1977, Hartford filed the instant complaint for declaratory relief seeking to enjoin the arbitration proceeding and seeking a declaration that the policy provided no coverage. Hartford's complaint was filed almost three months after the selection of an arbitrator and little more than one month after receipt of notice but before the scheduled date of the arbitration hearing. Defendant's answer alleged that by reason of Hartford's conduct and delay Hartford had consented to arbitration and should be estopped from further prosecution of the underlying action due to laches and waiver.

After trial, the court ruled that: (1) uninsured motorist coverage did not apply because a horse is not an uninsured motor vehicle; (2) therefore defendant was not entitled to arbitrate the question of damages arising from the accident of November 17, 1975; and (3) the defenses of laches, estoppel and waiver were inapplicable. Defendant now appeals.

## I

The threshold issue to be decided is whether the dispute was properly arbitrable. Although defendant has framed his contentions in terms of

laches, estoppel and waiver, he argues in essence that the trial court lacked jurisdiction to hear the controversy regarding uninsured motorist coverage and that the dispute should be submitted to arbitration. We find the argument to be meritless.

The Legislature has determined that automobile liability insurance policies must contain certain provisions (Ins. Code, § 11580.05) including a proviso relating to damages caused by uninsured motorists. (Ins. Code, § 11580.2, subd. (a).) The purpose of mandatory uninsured motorist coverage is to minimize losses to a faultless driver involved in a collision with a financially irresponsible and uninsured adverse driver. (*Mission Ins. Co.* v. *Brown* (1965) 63 Cal.2d 508, 510 [47 Cal.Rptr. 363, 407 P.2d 275]; *Waite* v. *Godfrey* (1980) 106 Cal.App.3d 760, 771 [163 Cal.Rptr. 881]; *Farmers Ins. Exchange* v. *Hansel* (1970) 12 Cal.App.3d 570, 573 [90 Cal.Rptr. 654].) The statute affords reimbursement by the insured's own carrier for the kind of loss which would have been indemnified by the adverse driver's liability insurance coverage had such coverage existed. (*Waite* v. *Godfrey, supra,* 106 Cal.App.3d at p. 771; *Farmers Ins. Exchange* v. *Hansel, supra,* 12 Cal.App.3d at p. 573.)

Insurance Code section 11580.2, subdivision (f), requires an uninsured motorist policy to provide for arbitration of disputes between the insured and the insurer "as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, . . ." A literal reading of the statute indicates two arbitrable issues: 1) whether the adverse uninsured motorist is liable to the insured; and 2) if so, the amount of damages. (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480 [121 Cal.Rptr. 477, 535 P.2d 341] and cases cited; see also *Pelger* v. *California Casualty Indemnity Co.* (1980) 104 Cal.App.3d 861, 864 [163 Cal.Rptr. 891]; *Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* (1976) 56 Cal.App.3d 657, 661 [128 Cal.Rptr. 514]; see generally 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 779, p. 3078.)

Here, the fundamental dispute centers not on the question of *liability* of an *uninsured motorist* but on whether the policy extends coverage at all. Subsumed in the latter question is the issue whether a riderless horse is includible as an "uninsured motor vehicle."

■ We recognize that where an arbitration clause is couched in language broader than the statute, arbitration of additional issues may be required, including coverage questions. (E.g., *Van Tassell* v. *Superior Court* (1974) 12 Cal.3d 624 [116 Cal.Rptr. 505, 526 P.2d 969] [whether the claimant was an insured]; *Orpustan* v. *State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988 [103 Cal.Rptr. 919, 500 P.2d 1119] [whether there was physical

contact to give rise to coverage of a hit-and-run accident]; *Jordan* v. *Pacific Auto. Ins. Co.* (1965) 232 Cal.App.2d 127 [42 Cal.Rptr. 556] [whether the adverse driver was uninsured]; see generally *Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d at pp. 481-482.) But where the text of the insuring clause essentially restates the statutory language, arbitration is limited to issues relating to liability of the uninsured motorist to the insured. (*Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau, supra,* 56 Cal.App.3d at p. 662; *Allstate Ins. Co.* v. *Shmitka* (1970) 12 Cal.App.3d 59, 62-63 [90 Cal.Rptr. 399]; see *Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d at pp. 480-482.) ▉ While public policy considerations favor agreements to arbitrate, "there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate and which no statute has made arbitrable." (*Id.,* 14 Cal.3d at p. 481.)

▉ Since the insurance policy is not a part of the record on appeal and defendant's pleadings refer only to uninsured motorist coverage as afforded by Insurance Code section 11580.2 et seq., we must assume that the policy's arbitration clause is framed in the statutory language. (E.g., *Garson* v. *Juarique* (1979) 99 Cal.App.3d 769, 771 [160 Cal.Rptr. 461] [when the appeal is taken on the clerk's transcript alone, the appellate court presumes the evidence supports the trial court's findings].) Because no issue arises relating to the *liability* of the adverse driver to defendant, the dispute between the parties is not an arbitrable controversy within the meaning of the statutory language. Thus the trial court correctly determined that defendant is not entitled to proceed by way of arbitration.

## II

▉ Undaunted, defendant also maintains that coverage must be extended to him under the uninsured motorist provision because a riderless horse on a public highway is a motor vehicle. We remain unconvinced.

The uninsured motorist insurance law provides for coverage for losses the insured shall be legally entitled to recover as damages "from the owner or operator of an uninsured motor vehicle." "[M]otor vehicle" is defined as "any vehicle designed for use principally upon streets and highways and subject to motor vehicle registration . . . ." (Ins. Code, § 11580.06, subd. (a).) Defendant cites no authority nor have we independently discovered any to support his contention that a member of the equine order qualifies as a motor vehicle. Indeed, the few cases which discuss the singularly abstruse proposition openly repudiate defendant's theory: *Riser* v. *Federal Life Ins. Co.* (1929) 207 Iowa 1101 [224 N.W. 67, 63 A.L.R. 292] [saddled and bridled horse not a "vehicle" for purposes of insurance coverage]; *Johnson*

v. *Life & Casualty Ins. Co. of Tennessee* (1940) 200 Ark. 383 [139 S.W.2d 50] [mule harnessed for plow was not a "private horse-drawn vehicle"]. (See generally, Annot. (1975) 65 A.L.R.3d 824.) To construe the term "vehicle" to somehow include a riderless horse would flout well-established principles mandating a plain and ordinary construction of statutory or contractual language. (Civ. Code, § 1644; 58 Cal.Jur.3d, Statutes, § 123, pp. 515-516.) To paraphrase a well-known verse: "a horse is a horse is a horse . . . ."

Judgment affirmed.

Elkington, J., and Holmdahl, J., concurred.